UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUSSEIN SHEBLI,

    Plaintiff,                                                      Civil Action No. 19-CV-10862

vs.                                                             HON. BERNARD A. FRIEDMAN

VANDEVEER GARZIA, P.C. and
ANTHONY MCEACHERN,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis [docket entry 2]. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because the Court lacks subject matter jurisdiction and because the complaint fails to state a claim.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by

lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

>  (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "fantastic or delusional scenarios." *Id.* at 327-28. To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted). Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding in forma pauperis, if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

> In the present case, plaintiff alleges:
>
> Vandeveer Garzia law firm was representing Allstate insurance com. in a head Injury, when Plaintiff was struck in the head, by a splitting tree, that was dieing and dangerous and could have been prevented, so when the plaintiff would not except a lowball offer and had overwhelming evidence that would have destroy the defence at a trial, the defendant, through four lawyers had the plaintiff assulted, threatend, aslo, committing felony fraud, by falsefying IME records, then on April 10, 2017 in the Wayne count circuit court, they conspired with a county shariff, and Judge, to deprive the plaintif of any rights, in a court of law, going as fare as assult & Battering on the plaintiff, on two occasions, in the court house, infront of everyone, with no fear,

> of the laws, because (He said he is the Law in that court) then they forced the plaintiff to accept the offer, and sign release papers, with unbeleivable misconduct, and felony fraud, barly covering $20 daily help at home leaving him to suffer in silence, and lose evryone and everything around him, . . . .

Compl. at 4. For relief, plaintiff seeks unspecified compensatory damages in excess of $75,000, $260,000 in punitive damages, and interest and costs.

Plaintiff alleges that this Court has subject matter jurisdiction under 42 U.S.C. § 1983. *Id.* at 3. Section 1983 permits the Court to adjudicate a claim against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." That is, the misconduct at issue must be "fairly attributable to the State." *McCarthy v. Middle Tenn. Elec. Membership Corp.*, 466 F.3d 399, 411 (6th Cir. 2006) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). *See also West v. Atkins*, 487 U.S. 40, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

In the present case, the defendants (an attorney and a law firm) are private actors, not state actors, and the complaint contains no allegations to suggest that whatever they allegedly did to harm plaintiff can be attributed to the State. In the absence of state action, the Court has no subject matter jurisdiction under § 1983. Nor does the Court have diversity jurisdiction, as plaintiff and defendants are citizens of the State of Michigan.

Additionally, plaintiff's complaint fails to state a claim. Under Fed. R. Civ. P. 8(a), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 550 U.S. at 556.

In the present case, the complaint does not mention defendant McEachern (other than to include his name in the caption) and therefore no claim is stated as to him. Vandeveer Garzia, P.C. is mentioned, but the allegations are so conclusory and threadbare that they lack the "facial plausibility" required by *Iqbal*. The allegation that this law firm "had the plaintiff assaulted," falsified "IME records," and "conspired" with a sheriff and judge to have him "beat[en] down" lack any factual support and are, quite frankly, frivolous and offensive. In any event, no claim is stated.

The gist of plaintiff's claim appears to be that defendants and others coerced him into settling a personal injury lawsuit he brought in Wayne County Circuit Court. If that is so, then plaintiff's remedy is to seek relief in that case in that court. Accordingly,

4

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction.

s/Bernard A. Friedman
Dated: March 28, 2019    BERNARD A. FRIEDMAN
       Detroit, Michigan    SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Hussein Shebli, 25834 Avondale, Inkster, Michigan 48141 by first class U.S. mail on March 28, 2019.

s/Johnetta M. Curry-Williams
Case Manager